## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT COURT OF OKLAHOMA

| | |
|---|---|
| SHAWN WALDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-23-1075-PRW |
| ) | |
| THE CITY OF DUNCAN, OKLAHOMA, ) | Civil Rights/Tort action |
| a municipal corporation, ) | Arising in Stephens County |
| ) | |
| CHRISTIAN ARCHER, in his official and ) | Jury Trial Demanded |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for his cause of action alleges and states as follows:

### PARTIES

1. The Plaintiff is Shawn Walden, an adult Native American resident of the City of Duncan in Stephens County, Oklahoma.

2. The Defendants are:

    A. The City of Duncan, Oklahoma, a municipal corporation located in Stephens County, Oklahoma, and

    B. Christian Archer, a police officer employed by the City of Duncan, who is sued in his individual and official capacity.

### JURISDICTION AND VENUE

3. This is a cause of action for injury to Plaintiff's Fourth, Fifth and Fourteenth Amendment rights by a government actor which is made actionable by 42 U.S.C. § 1983. Jurisdiction is vested over such action pursuant 28 U.S.C. §§ 1331, 1343(a)(3).

4. Defendants are located in Stephens County and all acts complained of occurred in Stephens County. Stephens County is located within the Western District for the United States District Courts of Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Mr. Walden is an adult Native American male who was lawfully parked in his vehicle at a convenience store located at Highway 81 and Plato Road in Duncan, Oklahoma.

6. On December 30, 2022, at some time prior to 1:12 p.m., Mr. Walden was approached by Defendant Archer, a police officer with the City of Duncan, and detained allegedly on the basis that he was intoxicated and had dropped his firearm while inside a Chisholm Corner store.

7. All of Defendant Archer's actions were taken in his capacity as a police officer for the City of Duncan and such actions were accomplished under the color law by use of the authority granted by virtue of his position.

8. The report that Mr. Walden had dropped his lawfully possessed firearm in the store was not witnessed by any police officer, nor did any police officer witness Mr. Walden in the store.

9. Mr. Archer approached and detained Mr. Walden on the basis of a reported misdemeanor which did not occur in the officer's presence.

10. Officer Archer administered a field sobriety test, which Mr. Walden passed. Mr. Archer refused to offer Mr. Walden a breath test and demanded that Mr. Walden take a blood test.

11. Mr. Archer arrested Mr. Walden based on a false claim that Mr. Walden was

intoxicated. Mr. Archer executed a false affidavit claiming that Mr. Walden was visibly intoxicated because Walden had red and glassy eyes, a circular swaying motion and muscle tremors. Mr. Archer also claimed that he observed "6 our of 6 possible clues" of intoxication. These statements were false and known to be false, as Mr. Archer had his body cam on and this fully recorded Mr. Walden's condition and showed that none of Mr. Archer's descriptions were accurate.

12. Archer used the false claim of intoxication as the basis for arresting and charging Mr. Walden with possessing a weapon while intoxicated.

13. Mr. Acher caused Mr. Walden to be arrested and transported to the Stephens County jail and incarcerated for five days.

14. In taking these actions, Mr. Archer executed a warrantless arrest of Mr. Walden without probable cause to believe any offense had occurred and without bond being set.

15. The Defendants caused Mr. Walden to be held without a probable cause determination for five days.

16. A tribal judge reviewed the body cam footage and dismissed the charges against Mr. Walden because the video conclusively demonstrated that Mr. Walden exhibited no signs of intoxication.

17. As the direct result of the actions of the Defendants, the Plaintiff was falsely arrested and charged without probable cause and by use of a false and fraudulent affidavit constituting a violation of Mr. Walden's rights under the Fourth, Fifth and Fourteenth Amendments which are made actionable through 42 U.S.C. § 1983.

18. Such actions also constitute state law actions for false arrest and false imprisonment.

19. As the direct result of such actions, Mr. Walden was injured by the loss of his freedom and by the requirement to secure counsel to defend against the false charges. Mr. Walden also suffered emotional distress in that, at the time of his arrest, his daughter who was at his house approximately two blocks from the location of the arrest. These actions deprived the Plaintiff of being with his daughter during the New Years holiday. Further, such arrest and the legal proceedings which were necessary before the dismissal of the charges, caused him to miss work, suffer lost earnings and, as a result of the time off work, Plaintiff, on July 10, 2023, lost his job. For these injuries, Plaintiff is entitled to compensation in the form of damages.

20. Because the actions of Officer Archer were, at the least reckless, the Plaintiff is entitled to an award of punitive damages against Officer Archer in his individual capacity.

21. Because the actions of Officer Archer were the result of a failure to properly train Officer Archer on the procedures required for a warrantless arrest as well as the requirements for field sobriety tests and breath tests, the City of Duncan is liable for the unconstitutional conduct of its officer.

22. Because the failure to train and supervise Officer Archer is, at the least, negligent, the City of Duncan is also liable for the negligent actions of its Officer including the false arrest and false imprisonment pursuant to the provisions of the Oklahoma Governmental Tort Claims Act (OGTCA).

23. Mr. Walden complied with the requirements of the OGTCA by giving proper

notice to the City of Duncan, which notice was acknowledged by the City, and by thereafter waiting ninety (90) days for the City to take action on the notice. After the ninety (90) day period expired the City failed to take action thus making the claimed deemed as denied. Plaintiff's lawsuit has been filed within the requisite time after the deemed denial, thus satisfying the requirements of the OGTCA prior to filing this suit.

**WHEREFORE**, the Plaintiff prays that he be awarded actual damages against the Defendants for the violation of Plaintiff's constitutional rights. Plaintiff prays that he be awarded damages for the false arrest and wrongful detention of the Plaintiff in violation of state law which claim goes only against the Defendant City. Finally, Plaintiff prays for an award of punitive damages against Officer Archer only, in his individual capacity, for his reckless violation of Plaintiff's constitutional rights.

**RESPECTFULLY SUBMITTED** this 27th day of November, 2023.

s/ Mark Hammons
Mark Hammons OBA #3782
Attorney for the Plaintiff
Hammons, Hurst & Associates
325 Dean A. McGee Dr.
Oklahoma City, OK 73102
(405) 235-6100
FAX: (405) 235-6111
EMAIL: ashley@hammonslaw.com

Jury Trial Demanded