# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN WALDEN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. CIV-23-1075-PRW |
| THE CITY OF DUNCAN, OKLAHOMA and CHRISTIAN ARCHER, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Quash or Modify Subpoenas with Authority (Dkt. 14). The matter is fully briefed, and for the reasons that follow the Motion (Dkt. 14) is **GRANTED IN PART** and **DENIED IN PART.**

Plaintiff moves to quash or modify seven subpoenas. Each of those subpoenas is directed at one of Plaintiff's former employers, and each requests production of the same information:

> "**Employment File** including but not limited to the complete record of historical employment for Shawn David Walden, including, but not limited to, insurance claims, workers' compensation records, statements, injury reports, wage reports, historical pay information, alcohol and drug testing, medical records, medical billing, tax records, tax forms, driver's license or other photocopied cards, disciplinary records, reports of discrimination and investigation thereof, condemnations, educational records, awards, hourly schedule, communications, application(s), CV(s), date of hire, termination reason and date, supervisor information, and another other [sic] documents concerning **Shawn David Walden's** employment with your facility."

1

Rule 26 broadly permits a party to seek and obtain discovery of nonprivileged information that is relevant to a party's claim or defense and proportional to the needs of the case.[1] Relevant information "need not be admissible in evidence to be discoverable."[2]

In this case, Plaintiff claims that Defendant Archer, acting in his capacity as a police officer of Defendant City, wrongfully detained Plaintiff without probable cause. Defendants contend that Plaintiff was intoxicated at the time of the arrest, providing probable cause. In opposing the Motion (Dkt. 14), Defendants offer two justifications for the subpoenas to Plaintiff's former employers, and for why the information sought is relevant. First, Defendants state that, as part of their defense, they plan to introduce evidence that Plaintiff "knows how to camouflage intoxication."[3] They argue that any past employment records bearing on drug or alcohol use could show Plaintiff's "experience in trying to avoid detection."[4] Second, Defendant's argue that the requested records "bear on Plaintiff's credibility," which will likely be at issue in the case.[5]

Plaintiff disagrees. In his view, Defendants' first ground justifies, at most, discovery of matters pertaining to drug or alcohol use, not the broad swath of an entire employment record. As to the second ground, Plaintiff argues that Defendants are on a fishing

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] Fed. R. Civ. P. 26(b)(1).

[3] Def.'s Resp. (Dkt. 15), at 3.

[4] Def.'s Resp. (Dkt. 15), at 7.

[5] Def.'s Resp. (Dkt. 15), at 9.

expedition, and that mere speculation that something in his past employment files could pertain to credibility is not enough to justify the discovery requests.

The Court finds that Plaintiff has the better of the argument. At this early stage, the Court concedes the possibility that some of the requested information could be relevant to an "intoxication camouflage" defense. But that possible relevance extends discoverability to only a narrow slice of the employment records Defendants seek, namely any records having to do with drug or alcohol use. In accordance with Plaintiff's Motion, the Court **ORDERS** that Defendants modify the relevant subpoenas[6] to seek only matters pertaining to drug or alcohol use.

As to Defendants' second argument, the Court finds that the mere possibility of information related to credibility is not enough to support the discovery sought. There are cases where the factual circumstances or past representations put credibility at issue and a party seeks specific information relevant to that matter.[7] But no such circumstances are present here, and the Court will not sanction a fishing expedition.[8]

---

[6] Plaintiff concedes that earnings and termination information from his most recent employer, Excel, are within the scope of discovery. The subpoena directed at Excel may properly include a request for that information.

[7] *See, e.g.*, *Davis v. Kelly Servs., Inc.*, No. CV 17-1699-GW, 2017 WL 10562943 (C.D. Cal. July 12, 2017).

[8] *See Singletary v. Sterling Transp. Co., Inc.*, 289 F.R.D. 237, 243 (E.D. Va. 2012) ("To hold otherwise would be to sanction virtually no limits on discovery once a party invokes the mantra of 'credibility' as the basis for a discovery request." (internal citations omitted)).

Plaintiff's Motion (Dkt. 14) is **GRANTED IN PART** and **DENIED IN PART** in accordance with the above discussion. Because Plaintiff timely submitted his Reply (Dkt. 18), his motion to extend his time to reply (Dkt. 17) is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 17th day of June 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE